**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eduardo Moros, | No. CV-16-00312-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Stephen Kimble, et al., | |
| Defendants. | |

Pending before the Court is Defendants' motion for summary judgment. Doc. 47 For the following reasons, this Court shall grant the motion.

**Standard of Review**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In addition, the dispute must be genuine, that is, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

There is no issue for trial unless there is sufficient evidence favoring the non-moving party; if the evidence is merely colorable or is not significantly probative,

summary judgment may be granted. *Anderson*, 477 U.S. at 249–50. However, because "[c]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are jury functions, not those of a judge . . . [t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Id.* at 255, 106 S.Ct. 2505.

**Background**

In April 1990, the parties signed an agreement formalizing the division of income and expenses associated with the joint development of a web shooting toy that simulated the fictional superhero Spider-Man's ability to shoot spider webs from his palm. Doc. 48-4. The parties dispute who actually invented the toy, but the parties agree that Moros would be listed as a co-inventor on the patent. Doc. 50 at 3.

In August 1990, Plaintiff moved to Wisconsin. Doc. 49 at 5. In 1992, Defendants mailed Plaintiff a newspaper article that stated Kimble "received a U.S. patent for his invention," that Kimble and Grabb accrued nearly $10,000 in expenses and that two companies were interested in developing the toy. Doc. 48-10. The newspaper article was also accompanied with a letter. Doc. 48-12. In the letter, Kimble stated that he "had some initial success" but needed help convincing Marvel and Toy Biz that there was a market for the toy. Kimble requested that Moros make three phone calls to the local paper, Marvel and Toy Biz.

After receiving the letter, Moros made no attempt to either pay his share of the expenses or inquire as to what Kimble meant by having "had some initial success."

In 1997, Toy Biz released the "Web-Blaster," a toy that had similarities to the toy at issue in this case. Toy Biz previously rejected the design Kimble and Grabb submitted. In 2001, Kimble and Grabb reached a settlement with Marvel, the owner of Toy Biz, stemming from the patent infringement of the web shooter. In May 2016, Moros filed his complaint, alleging, among other things, breach of contract, breach of implied covenant

of good faith and conversion. This Court previously dismissed Moros's unjust enrichment claim. Doc. 20.

**Discussion**

Plaintiff alleges that his breach of contract claim survives the limitations period because the discovery rule should be applied to his complaint.

A claim for a breach of contract has a limitations period of six years. A.R.S. § 12-548. Generally, a cause of action accrues and the statute of limitations begins to run when one party is able to sue another. *See Gust, Rosenf Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 587, 898 P.2d 964, 965 (Ariz. 1995).

> However, under the "discovery rule," when the injury or the act causing the injury has been difficult for the plaintiff to detect, the statute of limitations does not begin to run until the plaintiff knows or with reasonable diligence should know of the facts underlying the alleged breach. The discovery rule is premised on the notion that "it is unjust to deprive a plaintiff of a cause of action before the plaintiff has a reasonable basis for believing that a claim exists.

*Talley v. Pembrooke Occupational Health, Inc.*, 2010 WL 1640977 at *2 (D. Ariz. 2010) (internal citations and quotations omitted). The "important inquiry in applying the discovery rule is whether the plaintiff's injury or the conduct causing the injury is difficult for the plaintiff to detect." *Gust*, 182 Ariz. at 586. In other words, there "must be some positive act of concealment done to prevent detection." *Jackson v. Am. Credit Bureau, Inc.*, 23 Ariz. App. 199, 202, 531 P.2d 932, 935 (Ariz. Ct. App. 1975).

*The Discovery Rule Does Not Apply*

Simply put, the discovery rule does not apply because Moros does not allege any affirmative acts of concealment by Kimble and Grabb. Instead, Moros claims that Defendants never disclosed the activities to him. That is not enough. The discovery rule requires the injury to be difficult to detect. Moros's wife discovered that Kimble reached a large settlement with Marvel through an internet search. Doc. 50 ¶¶ 60-61. Moros

claims he did not previously contact Kimble or run an internet search because he thought Kimble would notify him of any news. This alone does not warrant the application of the discovery rule.

Because the discovery rule does not apply, the statue of limitations began to toll after Kimble and Grabb reached a settlement with Marvel in 2001. Moros did not file his complaint until 2016, which is outside the limitations period. Thus, this Court must grant Defendants' motion for summary judgment and dismiss Moros's complaint.

*Moros's complaint is untimely under the discovery rule*

The parties agreed that Moros would be listed as a co-inventor of the patent. Defendants mailed Moros a letter stating that Kimble "received a U.S. patent for *his* invention." (emphasis added). However, Moros did not inquire as to whether his name was listed on the patent or what Kimble meant by having "some initial success." Because the parties agreed that Moros's name would be listed on the patent, but it was not, the agreement was breached when Kimble received a patent without Moros's name. Under the discovery rule, the statute of limitations began when Moros knew or with reasonable diligence, should have known of the facts underlying the breach. Moros became aware of the breach when he received the letter from Kimble in 1992. Therefore, Moros had six years from the date of the letter to file a breach of contract claim. Moros filed his complaint outside of the limitations period. Thus, this Court must grant Defendants' motion for summary judgment and dismiss Moros's complaint.

*Remaining claims*

Moros also brought claims for breach of implied covenant of good faith and conversion. However, both claims have a limitations period of two years. *See* A.R.S. § 12-542. Thus, these claims must also be dismissed.

**Conclusion**

For the foregoing reasons, this Court must grant the Defendants' motion for summary judgment and dismiss Moros's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment is granted. Doc. 47.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel is denied as moot. Doc. 51.

Dated this 8th day of June, 2018.

_____
Honorable Raner C. Collins
Chief United States District Judge